**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00458-FDW
(CRIMINAL CASE NO. 3:12-cr-00228-FDW-2)**

| | |
|---|---|
| **COREY MILLER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |

**THIS MATTER** is before the Court on the Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [CV Doc. 1][1] and the Government's Motion to Dismiss Petitioner's Motion to Vacate [CV Doc. 9]. The Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

**I.      BACKGROUND**

On July 17, 2012, Petitioner Corey Miller ("Petitioner") was charged in a Bill of Indictment with one count of attempted Hobbs Act robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2, in relation to the attempted robbery of a Sonic restaurant (Count Three); one count of aiding and abetting the possession and brandishing of a firearm in relation to a crime of violence, that is, the robbery as charged in Count Three, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Four); one count of attempted Hobbs Act robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2, in relation to the attempted robbery of Crown Auto Sales

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00458-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00228-FDW-2.

(Count Eight); and one count of aiding and abetting the possession and brandishing of a firearm in furtherance of a crime of violence, that is, the robbery charged in Count Eight, in violation of 18 U.S.C. §§ 924(c) and 2 (Count Nine). [CR Doc. 3: Bill of Indictment].

Petitioner agreed to plead guilty to Counts Three, Eight, and Nine as set forth in the Bill of Indictment and, in exchange, the Government agreed to dismiss Count Four. [CR Doc. 36 at 1: Plea Agreement]. Before Petitioner's sentencing, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 53: PSR]. The probation officer found Petitioner's Criminal History Category to be I and his Total Offense Level to be 24, yielding a guidelines range for imprisonment of 51 to 63 months, followed by mandatory minimum consecutive term of imprisonment of 84 months for Count Nine, 18 U.S.C. 924(c). [Id. at ¶¶ 54, 64, 93, 94]. Petitioner's sentencing hearing was held on February 3, 2014. The Court sentenced Petitioner to a term of imprisonment of 51 months on each of Counts Three and Eight, to be served concurrently, and a term of imprisonment of 84 months on Count Nine, to be served consecutively to the terms imposed for Counts Three and Eight, for a total term of imprisonment of 135 months. [CR Doc. 67 at 2: Judgment]. Judgment on this conviction was entered on March 28, 2014. [Id.]. Petitioner did not directly appeal his conviction.

On June 23, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015). [CV Doc. 1]. The Court conducted an initial screening of Petitioner's Motion and ordered the Government to respond. [CV Doc. 3]. On the Government's request [CV Doc. 4], the Court then stayed the matter by text order pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433. The Fourth Circuit then stayed Ali pending the decision of the Supreme Court in United States v. Davis, No. 18-431. The Supreme Court decided Davis on June

24, 2019. Thereafter, the Court ordered the parties to show cause why the stay in the matter should not be lifted and the Government ordered to respond. [CV Doc. 5]. The Government agreed that the stay should be lifted. [CV Doc. 6]. Petitioner filed a Supplemental Memorandum in Support of Motion to Vacate [CV Doc. 8], the Government timely moved to dismiss Petitioner's motion to vacate [CV Doc. 9], and Petitioner responded [CV Doc. 10].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner argues he is entitled to relief on these grounds because, under Johnson, his § 924(c) conviction on Count Nine was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 2]. Specifically, Petitioner argues that his conviction under § 924(c) is "void because the predicate offense of attempted Hobbs Act robbery does not qualify as a 'crime of violence' in light of Johnson." [Id.].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA)

residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. The Supreme Court has held that Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Section 924(c), which is at issue here, criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In short, Petitioner argues that because § 924(c)'s residual clause "is functionally indistinguishable from the ACCA's residual clause," which was found to be unconstitutionally vague, Petitioner's charge of attempted Hobbs Act robbery can qualify as a § 924(c) "crime of violence" only under the force clause. [CV Doc. 1 at 3]. Three years after the Petitioner filed his motion to vacate, the Supreme Court decided United States v. Davis, 139 S. Ct. 2319 (2019). In Davis, the Supreme Court specifically held the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, after Davis, under

Petitioner's argument, Petitioner's conviction on Count Nine is only valid if attempted Hobbs Act robbery qualify as a "crime of violence" under § 924(c)'s force clause.

About a month after Davis, the Fourth Circuit held that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019). The Fourth Circuit, however, has not squarely addressed whether attempted Hobbs Act robbery is a crime of violence. Logic, as well as decisions of other courts, show that it is. The force clause, 18 U.S.C. § 924(c)(3)(A), embraces any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." (emphasis added). Hobbs Act robbery is a crime of violence under the force clause. Mathis, 932 F.3d 266. "Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force." United States v. St. Hubert, 909 F.3d 335, 351 (4th Cir. 2018). See also United States v. Holland, 749 Fed. App'x 162, 166 (4th Cir. 2018) (holding and noting that several other circuits have recently held that, for ACCA sentencing enhancement purposes, "attempting to commit a substantive offense that qualifies as a violent felony also constitutes a qualifying violent felony"). The Court, therefore, finds that attempted Hobbs Act robbery is a crime of violence under § 924(c)'s force clause. As such, Petitioner's conviction thereunder is valid.

The Court will, therefore, grant the Government's motion to dismiss Petitioner's Section 2255 Motion to Vacate.

## IV. CONCLUSION

Having concluded that Petitioner's conviction under § 924(c) is valid, the Court will grant the Government's motion to dismiss.

**IT IS, THEREFORE ORDERED** that:

(1) Petitioner's Section 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) The Government's Motion to Dismiss Petitioner's Motion to Vacate [Doc. 9] is **GRANTED**.

(3) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: February 18, 2020

Frank D. Whitney
Chief United States District Judge