UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:16-cv-00458-FDW
(CRIMINAL CASE NO. 3:12-cr-00228-FDW-2)

| | |
|---|---|
| COREY MILLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on remand from the Fourth Circuit Court of Appeals on the Supreme Court's decision in United States v. Taylor, 142 S.Ct. 2015 (2022). [CV Doc. 19].[1] Petitioner is represented by Jared Paul Martin of the Federal Defenders of Western North Carolina.

I.  BACKGROUND

A grand jury indicted Petitioner Corey Miller ("Petitioner") with two counts of attempted Hobbs Act robbery, and aiding and abetting the same, in violation of 18 U.S.C. §§ 1951 and 2 (Counts Three and Eight) and two counts of aiding and abetting the possession and brandishing of a firearm in relation to a crime of violence, that is, the robberies charged in Counts Three and Eight, in violation of 18 U.S.C. §§ 924(c) and 2 (Counts Four and Nine). [CR Doc. 3: Bill of Indictment]. Petitioner pleaded guilty to Counts Three, Eight, and Nine and the Government dismissed Count Four. [CR Doc. 36 at 1: Plea Agreement].

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:16-cv-00458-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:12-cr-00228-FDW-2.

Before sentencing, a probation officer prepared a Presentence Investigation Report (PSR) recommending a guidelines range of 51 to 63 months for Counts Three and Eight and noting the consecutive mandatory term of 84 months to life on Count Nine. [CR Doc. 53 at ¶¶ 93-94: PSR]. The Court sentenced Petitioner to a term of imprisonment of 51 months on each of Counts Three and Eight, to be served concurrently, and a consecutive term of imprisonment of 84 months on Count Nine, for a total term of imprisonment of 135 months. [CR Doc. 67 at 2: Judgment]. Judgment on this conviction was entered on March 28, 2014. [Id.]. Petitioner did not directly appeal his conviction.

On June 23, 2016, Petitioner filed a Motion to Vacate Sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) is invalid under Johnson v. United States, 135 S. Ct. 2551 (2015), because attempted Hobbs Act robbery does not qualify as a predicate crime of violence. [CV Doc. 1]. The Court stayed the matter pending the Fourth Circuit's decision in United States v. Ali, 991 F.3d 561 (4th Cir. 2021), and Ali was in turn stayed pending United States v. Davis, 139 S.Ct. 2319 (2019). After the Supreme Court decided Davis, the Court denied Petitioner's motion to vacate, holding that, like Hobbs Act robbery, attempted Hobbs Act robbery is a crime of violence. [CV Doc. 11 at 4-5 (citing United States v. Mathis, 932 F.3d 242, 266 (4th Cir. 2019))]. Petitioner appealed and the Fourth Circuit stayed the appeal pending the Fourth Circuit's decision in United States v. Taylor, 979 F.3d 203 (4th Cir. 2020). [CV Docs. 14, 16]. In Taylor, the Fourth Circuit held that attempted Hobbs Act robbery is not a predicate crime of violence for purposes of § 924(c). Id. at 210. The Supreme Court granted certiorari and recently affirmed the Fourth Circuit's decision. See United States v. Taylor, 142 S.Ct. 2015 (2022). On Petitioner's motion on appeal, the Fourth Circuit remanded the case to this Court for further proceedings in light of the Supreme Court's decision in Taylor. [CV Doc. 19]. Mandate has now

issued [CV Doc. 20] and this matter is now ready for redisposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 924(c) prohibits using or carrying a firearm "during and in relation to any crime of violence or drug trafficking crime…." 18 U.S.C. § 924(c)(1). A "crime of violence" is defined in § 924(c)(3) as an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3).

The Supreme Court applied the principles articulated in Johnson to conclude that the residual clause set forth in § 924(c)(3)(B) is unconstitutionally vague. United States v. Davis, 139 S.Ct. 2319 (2019). Accordingly, a § 924(c) conviction can only stand if the predicate offense satisfies the force clause set forth in § 924(c)(3)(A). It is now clear that attempted Hobbs Act robbery does not categorically qualify as a crime of violence under § 924(c)(3)(A)'s force clause. See United States v. Taylor, 142 S.Ct. 2015 (2022).

As such, Petitioner's conviction under 18 U.S.C. § 924(c) is no longer supported by a valid

3

predicate crime of violence and the Court must vacate it under Section 2255. A resentencing hearing is unnecessary in this case because Petitioner has already served approximately 10 years in custody and even the upper end of his guidelines range without the § 924(c) conviction would have been significantly lower than the time already served. Thus, a time-served sentence on the remaining counts is appropriate pursuant to the factors set forth in 18 U.S.C. § 3553(a). [See CR Doc. 68: Statement of Reasons].

Based on the foregoing, Petitioner's conviction on Count Nine is vacated. The Court finds that a resentencing hearing is unnecessary and that a sentence of time served on the remaining count is appropriate pursuant to § 3553(a). The Clerk will be instructed to issue an Amended Judgment imposing a sentence of time served for the remaining counts, with all other terms and conditions remaining in effect.

## IV. CONCLUSION

On remand from the Fourth Circuit and in light of the Supreme Court's decision in Taylor, Petitioner's conviction on Count Nine is vacated and the Court will impose a time-served sentence on the remaining counts of conviction.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate Sentence Under 28 U.S.C. § 2255 [Doc. 1] is **GRANTED** and the Court's Order at Docket No. 11 is hereby **VACATED**.

2. Petitioner's conviction on Count Nine is **VACATED**.

3. The Clerk is directed to issue an Amended Judgment imposing a sentence of time served for the remaining counts of conviction, with all other terms and conditions remaining in effect; and to serve copies of this Order on the Federal Bureau of Prisons, Petitioner, counsel for the Petitioner, the United States Attorney, and the

4

Case 3:16-cv-00458-FDW   Document 21   Filed 08/16/22   Page 4 of 5

United States Probation Office.

**IT IS SO ORDERD**.

Signed: August 16, 2022

Frank D. Whitney
United States District Judge